O/JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARRANZA,<br><br>    Petitioner,<br><br>  v.<br><br>RICK HILL, Warden,<br><br>    Respondent. | Case No. 2:19-0037 CAS (ADS)<br><br>ORDER DISMISSING SECOND OR SUCCESSIVE FEDERAL HABEAS PETITION AND DENYING CERTIFICATE OF APPEALABLITY |

  Before the Court is Petitioner Juan Carranza's second attempt to challenge his 2005 state conviction and sentence through a federal habeas petition. [Dkt. No. 1]. Petitioner concurrently filed an Election Regarding Consent to Proceed Before a United States Magistrate Judge in which he voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive motions, and order the entry of final judgment.[1] [Dkt. No. 2].

---

[1] "Upon consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, Petitioner has consented and Respondent has not yet been served and therefore is not yet a party to this action. See, e.g., Travelers Cas. & Sur. Co. of Am. V. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal

Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals to file a second or successive federal habeas petition. As a result, this Court lacks jurisdiction and the petition shall be dismissed.

## I. **RELEVENT PRIOR PROCEEDINGS**

In 2005, Petitioner was convicted of first-degree murder in violation of California Penal Code § 187 and sentenced to a term of fifty years to life in custody, Los Angeles Superior Court Case No. BA258968. [Dkt. No. 1, p. 2].[2] On direct review, the California Court of Appeal affirmed the conviction, Case No. B186616, and the California Supreme Court summarily denied review, Case No. S146490. See California Appellate Courts Case Information 2nd Appellate District, http://appellatecases.courtinfo.ca.gov, (Trial Court case number BA258968).[3] Subsequently, Petitioner filed at least four separate state petitions for writ of habeas corpus in the state courts. See id. (listing Case Nos. B210244, B266517, B268760, and B291418). The state courts denied each of

---

jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4.") (internal quotation marks and citation omitted). Thus, all parties have consented pursuant to § 636(c)(1). See Wilhelm v. Rotman, 680 F.3d 1113, 1119-21 (9th Cir. 2012) (holding that a magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to action); Carter v. Valenzuela, No. CV 12-05183 SS, 2012 WL 2710876, at *1 n. 3 (C.D. Cal. July 9, 2012) (finding after Wilhelm, a magistrate judge had authority to deny successive habeas petition when petitioner had consented and Respondent had not yet been served with petition).

[2] All citations to electronically-filed documents refer to the CM/ECF pagination

[3] Where necessary, the Court takes judicial notice of the public records. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 11 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

Petitioner's state habeas petitions. See id.

On September 9, 2010, Petitioner constructively filed a federal petition for writ of habeas corpus in this Court ("2010 Petition"). Carranza v. McEwen, Case No. 2:10-06772 CAS (VBK), [Dkt. No. 1]. On August 12, 2011, the Court found that Petitioner's grounds for relief were untimely and unexhausted, dismissed the 2010 Petition with prejudice, and declined to issue a certificate of appealability. Id., [Dkt. No. 18]. Thereafter, the Ninth Circuit Court of Appeals denied Petitioner's Application for Certificate of Appealability. Id., [Dkt. No. 24].

## II. **DISCUSSION**

Pursuant to 28 U.S.C. §2244(a), a federal court is not required to entertain a second or successive petition for writ of habeas corpus. Moreover, before a second or successive petition may be filed, the petitioner must first obtain the Ninth Circuit Court of Appeals' authorization. See 28 U.S.C. 2244(b)(3)(A). In fact, a district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the Circuit court. Burton v. Stewart, 549 U.S. 147, 152-53, 157 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir., 2001), cert. denied, 538 U.S. 984 (2003).

Here, Petitioner is challenging the same 2005 first-degree murder conviction and sentence as the previous 2010 Petition. Compare [Dkt. No. 1, p. 2] with Carranza v. McEwen, Case No. 2:10-6772 CAS (VBK), [Dkt. No. 1, p. 3]. The 2010 Petition was dismissed with prejudice as untimely and unexhausted. Carranza v. McEwen, Case No. 2:10-06772 CAS (VBK), [Dkt. No. 18]. That dismissal with prejudice constituted a decision on the merits and renders subsequent petitions successive under AEDPA. See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009). The grounds stated in the

instant petition, filed in the Court on January 3, 2019, are grounds that qualify as a second or successive petition 28 U.S.C. § 2244(b). [Dkt No. 1]. Petitioner has provided no evidence and the Court's review of PACER does not show that Petitioner obtained Ninth Circuit authorization to file a second or successive federal habeas petition. Accordingly, the petition is DISMISSED without prejudice to file of a new action if and when Petitioner obtains permission to file a successive petition.

### III. CERTIFICATE OF APPEALABILITY

The Court further finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court erred in its procedural ruling and, therefore, a certificate of appealability will not issue in this action. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

Dated: March 26, 2019

_____/s/ Autumn D. Spaeth_____
HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge