UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARRANZA, | Case No. 2:19-0037 CAS (ADS) |
| Petitioner, | |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION |
| RICK HILL, Warden, | |
| Respondent. | |

Before the Court is Petitioner Juan Carranza's "Motion for Reconsideration (and Objections)" ("Motion for Reconsideration") in which Petitioner objects to the Court's Order and Judgment dismissing his Petition for Writ of Habeas Corpus and Certificate of Appealability. [Dkt. No. 7]. For the reasons discussed below, the Motion for Reconsideration is denied.

## I. **RELEVANT PRIOR PROCEEDINGS**

On December 25, 2018, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody challenging a 2005 first-degree murder conviction on grounds that certain DNA evidence was not tested. [Dkt. No. 1].

Petitioner concurrently filed an Election Regarding Consent to Proceed Before a United States Magistrate Judge in which he voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive ad non-dispositive motions, and order the entry of final judgment.[1] [Dkt. No. 2]. The Court's review of PACER revealed that Petitioner previously challenged the same 2005 conviction by filing a federal habeas petition in this Court in 2010 ("2010 Petition"). Carranza v. McEwen, Case No. 2:10-06772 CAS (VBK).[2] The Court had dismissed the 2010 Petition with prejudice and declined to issue a Certificate of Appealability. Id., [Dkt. No. 18]. Thereafter, the Ninth Circuit Court of Appeals denied Petitioner's Application for Certificate of Appealability. Id., [Dkt. No. 24]. PACER further revealed that Petitioner did not seek and obtain the Ninth Circuit Court of Appeals' authorization

---

[1] "Upon consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, Petitioner has consented and Respondent has not yet been served and therefore is not yet a party to this action. See, e.g., Travelers Cas. & Sur. Co. of Am. V. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4.") (internal quotation marks and citation omitted). Thus, all parties have consented pursuant to § 636(c)(1). See Wilhelm v. Rotman, 680 F.3d 1113, 1119-21 (9th Cir. 2012) (holding that a magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to action); Carter v. Valenzuela, No. CV 12-05183 SS, 2012 WL 2710876, at *1 n. 3 (C.D. Cal. July 9, 2012) (finding after Wilhelm, a magistrate judge had authority to deny successive habeas petition when petitioner had consented and Respondent had not yet been served with petition).

[2] Where necessary, the Court takes judicial notice of the public records. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

prior to filing the instant Petition. Therefore, on March 26, 2019, the Court issued an Order Dismissing Second or Successive Federal Habeas Petition and Denying Certificate of Appealability ("Order Dismissing Petition"), in which the Court dismissed the instant Petition without prejudice to file a new action if, and when, Petitioner obtains permission to file a successive federal habeas petition. [Dkt. No. 5]. The Judgment was issued on March 29, 2019. [Dkt. No. 6].

On April 15, 2019, Petitioner filed the Motion for Reconsideration. [Dkt. No. 7]. Petitioner acknowledges that the "Petition is second or successive" but contends that "it's a new claim based upon laws . . . that came after the conviction and appeal process." [Id., p. 1]. Petitioner argues that DNA testing of beer bottles at the crime scene could have impeached a prosecution witness and in turn exonerated Petitioner as the shooter. [Id., p. 4]. Petitioner relies on the United States Supreme Court decision in District Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52 (2009), to support his position that the state's failure to conduct DNA testing violated Petitioner's rights to a defense and due process under the Sixth and Fourteenth Amendments. [Id., pp. 4-5]. Petitioner further requests that the Court reconsider issuing a Certificate of Appealability. [Id., pp. 8-9].

Also on April 15, 2019, Petitioner filed a Notice of Appeal in the Ninth Circuit Court of Appeals. [Dkt. No. 8]. The Notice of Appeal presents substantially the same arguments as in the Motion for Reconsideration. Compare [Dkt. No. 8] with [Dkt. No. 7]. Because the Motion for Reconsideration was pending in this Court, the Ninth Circuit Court of Appeals issued an Order holding the appellate proceedings in abeyance pending this Court's resolution of the Motion for Reconsideration. [Dkt. No. 11].

## II. **DISCUSSION**

It appears that Petitioner brings the Motion for Reconsideration under Federal Rule of Civil Procedure 60(b). [Id., p. 6]. Under Rule 60, a court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Petitioner has failed to set forth any reason pursuant to Rule 60(b) for relieving him from the Judgment. Specifically, Petitioner's case was dismissed because he did not obtain the Ninth Circuit's authorization prior to filing a second or successive federal habeas petition. Under 28 U.S.C. 2244(b)(2), second or successive petitions must be dismissed unless the petitioner obtains authorization from the Circuit Court to file, can show a new rule of retroactive constitutional law, or that a newly discovered factual predicate is sufficient to establish by clear and convincing evidence that no reasonable factfinder would find the petitioner guilty.

Petitioner contends that the instant Petition is not second or successive because it challenges, not his conviction, but a different set of proceedings in state court (to obtain DNA testing under California law) and relies on laws that were enacted after Petitioner's 2005 conviction. However, a review of the Petition reflects that it concerns "a conviction and/or sentence" and "DNA-Testing". [Dkt. No. 1, p. 2]. The Petition also reflects that it asserts a Brady violation for failure to test DNA and asserts "No scientific

4

evidence places me at murder". [Dkt. No. 1, p. 6]. Petitioner is clearly challenging the same 2005 first-degree murder conviction that he attempted to challenge in the 2010 Petition because Petitioner claims that DNA testing would exonerate him. Second, the "new laws" that Petitioner relies on, California Penal Code § 1405 (2009) and Osborne, 557 U.S. 52 (2009), were enacted or decided before his 2010 Petition. As such, any claims based on those laws should have been raised in the 2010 Petition and would not now exempt Petitioner from the requirement to obtain Ninth Circuit authorization to file a second or successive petition. Without that authorization, this Court has no jurisdiction over the matter. Therefore, because Petitioner has failed to show that he should be relieved from the Order Dismissing Petition and Judgment under Rule 60(b), the Motion for Reconsideration is DENIED.

**III.   CERTIFICATE OF APPEALABILITY**

Petitioner also moves the Court to reconsider its declination to issue a Certificate of Appealability. Again, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court erred in its procedural ruling and, therefore, a certificate of appealability will not issue in this action. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

Dated: June 13, 2019                         /s/ Autumn D. Spaeth
                                            HONORABLE AUTUMN D. SPAETH
                                            United States Magistrate Judge